Steven R. Sumsion (#8317)
Aspen M. Jensen (#18427)
**SUMSION BUSINESS LAW**
1800 Novell Place, 5th Floor
Provo, UT 84606
Tel: (801) 375-2830
Email: steve@businesslawutah.com
          aspen@businesslawutah.com

Devin Fok (SBN #256599) (pro hac vice pending)
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439) (pro hac vice pending)
ainat@devinfoklaw.com
**DHF Law, PC**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| MEGAN THERESA CHASE, as an individual,<br><br>        Plaintiff(s),<br><br>vs.<br><br>HIRERIGHT, LLC; and DOES 1-10 inclusive,<br>        Defendant(s). | **COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL**<br><br>**Case No.**<br><br>**Judge** |

Plaintiff MEGAN THERESA CHASE (hereafter "Plaintiff") files her Complaint for Damages and Demand for a Jury Trial against Defendants HIRERIGHT, LLC, and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. Defendant HireRight, LLC, is an employment screening company that furnishes employment screening reports to prospective employers that include, but are not limited to, an employment applicant's criminal history.

2. On or around September 2021, Plaintiff applied for a job with Alorica, Inc. in Magna, Utah (hereafter "Alorica").

3. A short time after Plaintiff's employment application, Alorica extended a conditional employment contract to Plaintiff, on the basis that she passes a background check.

4. On or around September 29, 2021, Defendant completed an employment background check report to Plaintiff's prospective employer. The background check report was a consumer report under the Fair Credit Reporting Act (the "FCRA").

5. Defendant disclosed an outdated report regarding Plaintiff's criminal history, by reporting that Plaintiff was "Guilty" of a misdemeanor "Retail Theft (Shoplifting)" conviction.

6. However, Defendant failed to report that this charge was later amended to an infraction and was dismissed in May 2017 pursuant to a plea in abeyance pursuant to Utah Code 77-2a-3.

7. By providing a report of Plaintiff's criminal history, Defendant owed a statutory duty to Plaintiff under the Fair Credit Reporting Act ("FCRA" 15 USC § 1681 *et seq.*) § 1681e(b) to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported.

8. By failing to ensure an exact name match on Plaintiff's report, Defendant breached their statutory duty to follow reasonable procedures to ensure the maximum possible accuracy of the information disclosed in the report.

9. The correct information and status regarding Plaintiff's criminal records could have been discovered by any individual or entity through reasonable means or efforts, as said

information is both publicly accessible and easily verifiable through the State of Utah's judicial system.

10. Defendant's failure to report information that is publicly accessible through reasonable means or efforts demonstrates its failure to establish defined processes to verify the accuracy of the public records information provided to Alorica.

11. Plaintiff is informed, believes, and thereon alleges that Defendant has failed to establish procedures to ensure that it complies with its statutory duty to ensure the maximum possible accuracy of the information they report.

12. As a direct result of Defendant's failure to verify public records, Plaintiff was denied employment with Alorica.

13. Plaintiff suffered, and continues to suffer, actual damages and emotional distress as a result of the loss of employment.

14. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

15. Plaintiff is an individual and resident of Ogden, Utah.

16. Upon information and belief, Defendant is an investigative consumer reporting agency, as defined under the Fair Credit Reporting Act ("FCRA" 15 U.S. Code § 1681 *et seq*.), 15 U.S. Code § 1681a(f), and is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code § 1681e.

17. Upon information and belief, Defendant is a Delaware limited liability company with a principal place of business in Davidson County, Tennessee.

18. The identities of the Defendants designated as DOES 1-10, inclusive, remain unknown to Plaintiff ("DOES 1-10). Thus, Plaintiff initiates this action against these Defendants

under such pseudonyms. Upon ascertaining their identities through discovery, Plaintiff intends to amend this complaint to assert their true names and capacities.

19. Upon information and belief, Plaintiff alleges that each of the DOES 1-10 defendants bear some responsibility for the incidents described herein and that these incidents were a proximate cause of Plaintiff's damages.

20. Upon information and belief, at all relevant times, the DOES 1-10 defendants acted either as principals or agents for each other and the named Defendant. In carrying out the acts alleged in this complaint, they operated within the bounds of their agency and with the permission or the explicit or implicit consent of the named Defendant.

21. The events that gave rise to the controversy detailed herein took place within the state of Utah.

22. Pursuant to 28 U.S.C. § 1331, this Court possesses subject matter jurisdiction as the case's claims arise under federal law.

23. Venue is proper under 28 U.S.C. § 1391.

## FIRST CAUSE OF ACTION

### (Violation of 15 U.S.C. §1681e(b) against all Defendants)

24. Plaintiff reincorporates the allegations contained in the preceding paragraphs herein by reference.

25. Under 15 U.S.C. § 1681e(b), in reporting the information, Defendants were statutorily obligated to employ and follow reasonable procedures to assure maximum possible accuracy of the reported information.

26. The accuracy of the information and status regarding Plaintiff's criminal records could have been verified by any individual or entity through reasonable means or efforts because said information is both publicly accessible and easily verifiable through the State of Utah's judicial system.

27. In addition to the ease of access to accurate information regarding Plaintiff's criminal history, Defendants would have obtained accurate information if they had employed and followed reasonable procedures to assure the maximum possible accuracy of the reported information.

28. Upon information and belief, Defendants failed to adequately oversee, audit, or maintain quality control of the reported information.

29. Defendants either negligently, recklessly, or willfully breached their statutory obligation by failing to employ and follow reasonable procedures to assure the maximum possible accuracy of the reported information.

30. Defendants' conduct was either reckless or willful, as evidenced by their awareness that failing to ensure precise name matching with public records does not guarantee the highest possible accuracy of reported criminal history.

31. In the alternative, Plaintiff alleges that the Defendants' violations were due to negligence.

## SECOND CAUSE OF ACTION

**(Violation of 15 U.S.C. § 1681k(a)(2) against all Defendants)**

32. Plaintiff reincorporates the allegations from the foregoing paragraphs herein by reference.

33. Pursuant to 15 U.S.C. § 1681k(a)(2), Defendants were obligated to maintain strict procedures designed to insure that, whenever public record information - including those relating to arrests, indictments, convictions, and suits – that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, to ensure that it is complete and up to date.

34. Defendants either negligently, recklessly, or willfully failed to uphold their statutory obligation by failing to take reasonable efforts to ensure that the information disclosed in the report was complete and up to date.

35. By disclosing incomplete and/or outdated information, Defendants either recklessly or willfully violated their statutory obligations described in 15 U.S.S. § 1681k(a)(2).

36. Defendants' conduct was willful and/or reckless because they knew that their failure to use strict procedures to ensure the reported information is complete and up to date was likely to have an adverse effect upon Plaintiff's ability to obtain employment.

37. Upon information and belief, Defendants inadequately managed, audited, or upheld the quality of the reported information.

38. In the alternative, Plaintiff alleges that the infractions described in this Second Cause of Action resulted from negligence.

## THIRD CAUSE OF ACTION

### (Violation of 15 U.S.C. § 1681g against all Defendants)

39. Plaintiff reincorporates the allegations from the foregoing paragraphs herein by reference.

40. Pursuant to 15 U.S.C. § 1681g, the Defendants were unequivocally obligated to disclose to Plaintiff all information in Plaintiff's file at the time of request, especially when such data might adversely impact Plaintiff's rights.

41. Upon information and belief, Defendants either recklessly or willfully recklessly violated their obligations under 15 U.S.C. § 1681g because they failed to provide Plaintiff with her full file. Specifically, Defendants failed to provide Plaintiff with a copy of the portion of the background report providing outdated information regarding her criminal history, reporting that Plaintiff was "Guilty" of a misdemeanor "Retail Theft (Shoplifting)" conviction.

42. Defendants' conduct was either willful or reckless, as they because they had sufficient knowledge or foresight that the production of the full consumer report in violation of the aforementioned statute would result in meritorious litigation.

43. In the alternative, Plaintiff alleges that the infractions described in this Third Cause of Action resulted from negligence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violate FCRA;

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of the lawsuit;

f. For injunctive relief as applicable; and

g. For such other orders of the Court and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

DATED: September 29, 2023

                                                  **SUMSION BUSINESS LAW**

                                                  */s/ Steven R. Sumsion*
                                                  Steven R. Sumsion
                                                  Aspen M. Jensen
                                                  *Attorneys for Plaintiff*