Byron G. Martin (#8824)
Steven M. Edmonds (#15592)
STRONG & HANNI
9350 South 150 East, Suite 500
Sandy, Utah 84070
Telephone:  (801) 532-7080
Facsimile:   (801) 596-1508
bmartin@strongandhanni.com
sedmonds@strongandhanni.com

Leah A. Tedford (*pro hac vice*)
John G. Papianou (*pro hac vice*)
Layal Issa Ramirez (*pro hac vice*)
Andrew Notaristefano (*pro hac vice*)
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
1735 Market Street
Philadelphia, PA 19103
Telephone:  (215) 772-7401
Facsimile:   (215) 772-7620
ltedford@mmwr.com
jpapianou@mmwr.com
lramirez@mmwr.com
anotaristefano@mmwr.com

*Attorneys for HireRight, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| MEGAN THERESA CHASE,<br><br>Plaintiff,<br><br>vs.<br><br>HIRERIGHT, LLC,<br><br>Defendant. | **DEFENDANT HIRERIGHT, LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF ITS AMENDED MOTION TO EXCLUDE PLAINTIFF'S EXPERT EVAN D. HENDRICKS**<br><br>**Case No. 1:23-cv-00107-HCN-JCB**<br><br>**Judge: Howard C. Nielsen, Jr.**<br>**Magistrate: Judge Jared C. Bennett** |

Defendant HireRight, LLC moves under DUCivR 5-3 and the Standard Protective Order ("SPO") for leave to file under seal portions of its Amended Motion to Exclude Plaintiff's Expert Evan D. Hendricks ("Amended *Daubert* Motion"), as well as some of its corresponding exhibits.

**I.      Legal Standard**

Judicial records are presumptively public, *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019), but "a common-law right of access to judicial records . . . is not absolute." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Under this Court's Local Rules, where a party makes "a showing of good cause, a judge may order that a Document be sealed." DUCivR 5-3(a)(1). Good cause includes demonstrating that disclosing confidential business information could harm the business's "competitive standing." *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016); *Wolverine Fuels Sales, LLC v. Phx. Coal Sales, Inc.*, No. 2:25-CV-00104, 2025 WL 642908, at *1 (D. Utah Feb. 27, 2025).

**II.     Argument**

Under the SPO in this case, HireRight exchanged confidential and proprietary business information in documents and transcripts marked "CONFIDENTIAL." HireRight has a compelling reason for maintaining the confidentiality of those materials indefinitely.

Plaintiff alleges HireRight violated the Fair Credit Reporting Act ("FCRA") when it prepared a consumer report about her. To prevail, she must prove that HireRight failed to follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," or "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." 15 U.S.C. §§ 1681e(b),

1681k(a)(2). Therefore, HireRight's policies and procedures for preparing consumer reports are central to this case and HireRight's MSJ.

Many employers do background checks, so HireRight operates in a highly competitive market. Over its three decades in business, HireRight has gained extensive knowledge and applied it to its unique policies and procedures for preparing consumer reports like Plaintiff's. One of many consumer reporting agencies vying for a finite pool of customers, HireRight has tested and tailored procedures that are a central feature of the company's competitive edge, business model, daily operations, and consumer litigation response. Given these realities, disclosing HireRight's proprietary policies and procedures—its "secret sauce"—would harm HireRight's competitive advantage, impact its customer relationships, and needlessly subject HireRight's operations to public scrutiny. HireRight has a compelling interest in maintaining its consumer reporting policies and procedures as confidential and proprietary business information. *See Wright v. HireRight, LLC*, No. 2:23-cv-00493-SMM (D. Ariz. June 14, 2024) (ECF 49) (granting motion to seal portions of HireRight's summary judgment motion and exhibits). This Court has already recognized HireRight's interest presents good cause to seal certain confidential documents. *See* (ECF 61) (granting HireRight's June 6, 2025 Motion for Leave to File Under Seal Portions of its Motion for Summary Judgment (ECF 58)).

HireRight therefore moves to seal the following materials in its Amended *Daubert* Motion indefinitely. These materials reflect, summarize, or otherwise concern HireRight's confidential and proprietary policies and procedures:

| *Daubert* Motion | Description | Portion to seal |
|---|---|---|
| **Throughout** | Discussion of HireRight's policies and procedures | Throughout |
| **Ex. 2** | Deposition transcript of Plaintiff's expert witness Evan D. Hendricks (select pages cited) | All pages |
| **Ex. 3** | Plaintiff's expert witness Evan D. Hendrick's rebuttal report | All pages |
| **Ex. 4** | Excerpts of researcher training PowerPoints slides, HIRERIGHT_000402 | All pages |
| **Ex. 5** | Deposition transcript of HireRight expert witness, Rebecca E. Kuehn (select pages cited) | All pages |

### III.   CONCLUSION

For these reasons, HireRight requests an order sealing the **discussion of HireRight's policies and procedures** in its Amended *Daubert* Motion and **Exhibits 2, 3, 4,** and **5,** which HireRight is also lodging under seal.

HireRight has lodged under seal versions of these documents with blue highlighting indicating the portions of the documents HireRight seeks to seal. Where appropriate, HireRight has also filed redacted, unsealed versions of these documents with its original *Daubert* Motion and redacted the corresponding portions of the Amended *Daubert* Motion.

A proposed order is attached and will be emailed to Chambers.


DATED August 21, 2025                    STRONG & HANNI

                                         */s/ Steven M. Edmonds*
                                         Byron G. Martin (#8824)
                                         Steven M. Edmonds (#15592)
                                         9350 South 150 East, Suite 500
                                         Sandy, Utah 84070

                                         MONTGOMERY MCCRACKEN
                                         WALKER & RHOADS LLP

Leah A. Tedford (*pro hac vice*)
John G. Papianou (*pro hac vice*)
Layal Issa Ramirez (*pro hac vice*)
Andrew Notaristefano (*pro hac vice*)
1735 Market Street
Philadelphia, PA 19103-7505

*Attorneys for Defendant HireRight, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, a true and correct copy of the foregoing **DEFENDANT HIRERIGHT, LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF ITS AMENDED MOTION TO EXCLUDE PLAINTIFF'S EXPERT EVAN D. HENDRICKS** was served by the method indicated below, to the following:

| | |
|---|---|
| Steven R. Sumsion | (X) Electronic Filing |
| Aspen M. Jensen | ( ) Email |
| SUMSION BUSINESS LAW | ( ) U.S. Mail, Postage Prepaid |
| 1800 Novell Place, 5th Floor | ( ) Hand Delivered |
| Provo, UT 84606 | ( ) Overnight Mail |
| steve@businesslawutah.com | ( ) Facsimile |
| aspen@businesslawutah.com | |

Devin Fok
Joshua Kim
DHF LAW, PC
2304 Huntington Drive, Suite 210
San Marino, CA 91108
devin@devinfoklaw.com
joshua@devinfoklaw.com

*Attorneys for Plaintiff*

/s/ Joani Pearson